United States Bankruptcy Court
Middle District of Alabama

In re  Barbara Ann Williams
                    Debtor(s)

Case No.  08-30598
Chapter  13

## MOTION TO MODIFY PLAN POST CONFIRMATION

**PURSUANT TO LBR 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF SERVICE, RESPONSES MUST BE SERVED UPON THE MOVING PARTY AND FILED ELECTRONICALLY WITH THE CLERK OR BY U.S. MAIL ADDRESSED TO THE CLERK OF THE BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104**

1. On __April 8, 2008__, the above-named Debtor(s) filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code.

2. Debtor has chosen to surrender secured property under her former plan which substantially alters her debt obligations

3. Debtor has added as a priority creditor the Internal Revenue Service to be paid via her proposed plan attached

WHEREFORE, Debtor(s) prays for an Order allowing the modification of her plan post confirmation.

7/13/10

Date

Signature  /s/ Barbara Ann Williams
Barbara Ann Williams
Debtor

Attorney  /s/ Darryl A. Parker
Darryl A. Parker PAR116

Darryl A. Parker P.C.
5295 Vaughn Road
Suite 5
Montgomery, AL 36116
parkerdarryla@bellsouth.net

**United States Bankruptcy Court**
**Middle District of Alabama**

In re  Barbara Ann Williams  
Debtor(s)

Case No.  08-30598  
Chapter  13

## MOTION TO MODIFY PLAN POST CONFIRMATION

PURSUANT TO LBR 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 21 DAYS OF SERVICE, RESPONSES MOST BE SERVED UPON THE MOVING PARTY AND FILED ELECTRONICALLY WITH THE CLERK OR BY U.S. MAIL ADDRESSED TO THE CLERK OF THE BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, AL 36104

1. On  April 8, 2008 , the above-named Debtor(s) filed a Voluntary Petition under Chapter 13 of the Bankruptcy Code.
2. Debtor has chosen to surrender secured property under her former plan which substantially alters her debt obligations
3. Debtor has added as a priority creditor the Internal Revenue Service to be paid via her proposed plan attached

WHEREFORE, Debtor(s) prays for an Order allowing the modification of her plan post confirmation.

Date  7/13/10

Signature  /s/ Barbara Ann Williams  
Barbara Ann Williams  
Debtor

Attorney  /s/ Darryl A. Parker  
Darryl A. Parker PAR118

Darryl A. Parker P.C.  
5295 Vaughn Road  
Suite 8  
Montgomery, AL 36116  
parkerdarryla@bellsouth.net


Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037  
Best Case Bankruptcy

Case 08-30598   Doc 108   Filed 02/18/10   Entered 02/18/10 21:41:01   Desc Main  
Document   Page 1 of 1

Case 08-30598   Doc 144   Filed 07/13/10   Entered 07/13/10 08:43:12   Desc Main  
Document   Page 2 of 5

# United States Bankruptcy Court
## Middle District of Alabama

In re **Barbara Ann Williams**  
Debtor(s)

Case No. **08-30598**  
Chapter **13**

# CHAPTER 13 PLAN
### Check If Amended Plan ☐

**CREDITOR'S RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this and other documents sent to you carefully and discuss them with your attorney.

**TO FILE AN OBJECTION TO CONFIRMATION.** An Objection to Confirmation must be filed not later than seven (7) days prior to the date fixed for the Confirmation hearing and must state with particularity the grounds for the objection. See LBR 3015-2, which can be found at www.almb.uscourts.gov/lrules/index.htm, and must state with particularity the grounds for the objection.

**PROOFS OF CLAIM.** Creditors must file a proof of claim to be paid. Confirmation of this plan does not bar the debtor, Trustee or a party in interest from objecting to a claim.

### 1. PAYMENT AND LENGTH OF PLAN
Debtor(s) shall pay **$91.69 Semi-monthly for 52** months per month to the Chapter 13 Trustee beginning **August 1, 2010**.

The length of the plan is **52** months.

### 2. FILING FEES
The Filing Fee as prescribed by LBR 1006-1 shall be paid as follows:

☒ Filing Fee paid in full directly to the Clerk of Court with the petition.

☐ Filing Fee is being paid in installments pursuant to LBR 1006-1 directly to the Clerk of Court.

☐ Filing Fee is being paid in installments pursuant to LBR 1006-1 through the debtor's Chapter 13 plan as follows:
  Total Filing Fee:
  Initial Installment paid with filing of petition:
  Remaining Balance to be paid through Chapter 13 plan: _____

### 3. ATTORNEY'S FEES FOR DEBTOR(S)' BANKRUPTCY COUNSEL

The following attorney's fees shall be paid through the debtor's plan payments:
  Total attorney fee                                                    $1,500.00
  Amount paid by the debtor prior to filing directly to attorney           00.00
  Net Attorney fee being paid through the Chapter 13 plan disbursements    00.00

### 4. SECURED CLAIMS PAID THROUGH THE PLAN
The Debtor proposes that the Trustee make adequate protection payments prior to the confirmation of this Plan, pursuant to § 1326(a)(1) to the following creditors indicated below holding a purchase money security interest in personal property. Only those creditors entitled to § 1326(a)(1) adequate protection payments will receive pre-confirmation payments through the debtor's payments to the Trustee. The Trustee shall commence making such payments to creditors holding allowed claims secured by an interest in personal property consistent with the Trustee's distribution process and only after the timely filing of a proof of claim by such creditor. The Trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all adequate protection payments. Pre-confirmation adequate protection payments shall be applied to the principal of the creditor's claim. Upon confirmation of this plan all secured creditors will receive adequate protection payments as set out below along with the payment of the debtor's attorney's fees. At such time as the debtor's attorney's fees have been paid in full, the creditor's claim shall be paid its specified monthly plan payments on the terms and conditions listed below as required under § 1325(a)(5).

| Creditor | Collateral Description | 910/365 Claim? Yes/No | Amount of Debt | Collateral Value | Interest Rate | §1326 PMSI Adeq Prot? Yes/No | Adeq Prot Pymt | Specified Monthly Payment |
|---|---|---|---|---|---|---|---|---|
| Badcock | Furniture (Bedroom Set and Mattress) | no | $1,841.77 | $300.00 | 0.00% | Yes | 3.00 | $17.65 |

| Creditor | Collateral Description | 910/365 Claim? Yes/No | Amount of Debt | Collateral Value | Interest Rate | §1326 PMSI Adeq Prot? Yes/No | Adeq Prot Pymt | Specified Monthly Payment |
|---|---|---|---|---|---|---|---|---|
| Title Max | 2000 Expedition | Yes | $2,400.00 | $2,500.00 | 0.00% | No | 0.00 | 70.00 |

5. **LONG TERM DEBTS MAINTAINED THROUGH THE PLAN**
The Debtor proposes that the Trustee maintain the following long term debts through the plan. The Trustee shall make payments prior to confirmation of this Plan, to all of the following long term creditors indicated below. The Trustee shall commence making such payments to creditors holding allowed secured claims consistent with the Trustee's distribution process and only after the timely filing of a proof of claim by such creditor. The Trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on all payments. Upon confirmation of this plan said long term creditors will receive payments as set out below along with the payment of the debtor's attorney's fees.

| Creditor | Collateral Description | Amount of Debt | Collateral Value | Monthly Payment |
|---|---|---|---|---|
| -NONE- | | | | |

6. **SURRENDERED PROPERTY**
Debtor surrenders the following collateral. Upon confirmation, the automatic stay (including the co-debtor stay) is lifted as to surrendered collateral. Any claim submitted by such creditor will receive no distribution under this Plan until an amended proof of claim is filed by such creditor, reflecting any deficiency balance remaining following surrender.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral |
|---|---|---|---|
| AmeriCredit | 2005 Nissan | $16,522.77 | $5,570.00 |
| Drive Financial | 2006 Volkswagen Jetta | $20,720.00 | $0.00 |

7. **CURING DEFAULTS**
Pursuant to § 1322(b)(5) the debtor shall cure defaults with respect to the following creditors indicated below. Trustee shall pay the allowed claims for arrearages at 100% through this Plan. The amount of default to be cured under this provision shall be the amount of the allowed claim filed by the creditor. The "amount of arrearage" listed herein is an estimate, and in no way shall this estimate limit what the Trustee shall distribute to said creditor under this plan to cure the default.

| Creditor | Collateral Description | Amount of Arrearage | Interest Rate | Monthly Payment |
|---|---|---|---|---|
| -NONE- | | | | |

8. **DIRECT PAYMENTS**
The following secured creditors or holders of long-term debt will be paid directly by the debtor to the creditor. The debtor shall make all § 1326 pre-confirmation adequate protection payments directly to the following creditors pursuant to the terms of the contract with the creditor. The debtor shall continue to make all payments to the creditor directly pursuant to the terms of the contract following the confirmation of the debtor's plan.

| Creditor | Collateral Description | Amount of Debt | Value of Collateral | Date Payment to Resume | Direct Pymt Amount |
|---|---|---|---|---|---|
| -NONE- | | | | | |

9. **DOMESTIC SUPPORT OBLIGATIONS**
The Debtor proposes that prepetition Domestic Support Obligation arrearage claims indicated below shall be paid in full through this plan pursuant to § 507(a)(1) unless the claimant agrees to some other treatment or the Court orders otherwise. The Debtor shall directly pay all ongoing Domestic Support Obligations that become due after filing of the petition.

| Creditor | Total Arrearage | Specified Monthly Payment |
|---|---|---|
| -NONE- | | |

The Debtor shall directly pay all ongoing Domestic Support Obligations that become due after filing of the petition.

## 10. PRIORITY CLAIMS (Excluding Domestic Support Obligations)
The Debtor will pay all priority claims pursuant to § 507 unless claimant expressly agrees otherwise including the following:

| Claimant | Type of Priority | Scheduled Amount | Monthly Payment |
|---|---|---|---|
| | | $0.00 | $0.00 |
| Department of Treasury | Taxes and certain other debts | $3,868.00 | $107.44 |
| State of Alabama Department of Revenue | Taxes and certain other debts | $222.15 | $9.26 |

## 11. EXECUTORY CONTRACTS AND UNEXPIRED LEASES
Executory contracts and/or leases receive the following designated treatment. For all executory contracts or unexpired leases being assumed by the debtor pursuant to this plan, the debtor shall make all pre-confirmation § 1326 adequate protection payments directly to the Lessors pursuant to the terms of the contract. For all contracts assumed, the debtor shall continue to make all payments directly to the creditor pursuant to the terms of the contract following the confirmation of the debtor's plan.

| Creditor | Collateral Description | Reject | Assume |
|---|---|---|---|
| Joanne Colvert | Residential Lease | Yes | No |

## 12. SPECIALLY CLASSIFIED UNSECURED CLAIMS
The following claims shall be paid as specially classified unsecured claims and shall receive the following designated treatment:

| Creditor | Amount of Debt Specially Classified | Interest Rate | Specified Monthly Payment |
|---|---|---|---|
| -NONE- | | | |

## 13. UNSECURED CLAIMS
Allowed non-priority unsecured claims shall be paid through the distribution of the debtor's chapter 13 plan at a rate of __0__%, or pro rata participation in a "POT" Plan of $____ for the benefit of unsecured creditors, or until all allowed claims are paid in full. If this proposed dividend to unsecured creditors is less than 100%, debtors propose to pay to the Trustee all projected disposable income for the applicable commitment period for the benefit of unsecured creditors as required by § 1325(b).

## 14. OTHER PLAN PROVISIONS
(a) **Lien Retention**: Allowed secured claim holders shall retain liens until liens are released or upon completion of all payments under this plan.

(b) **Vesting of Property of the Estate**:

　　__X__ Property of the Estate shall revest in the Debtor(s) upon confirmation of the debtor's plan.

　　____ Property of the Estate shall remain property of the estate subsequent to confirmation of this plan.

All property of the Estate whether it remains in the estate or revests with the debtor upon confirmation of the plan shall remain in the debtor's possession and control. The debtor shall have use of property of the estate, subject to the requirements of § 363 of the Bankruptcy Code.

(c) **Direct Payment by Debtor**: Secured creditors and lessors to be paid directly by the Debtor(s) may continue to mail to Debtor(s) the customary monthly notices or coupons notwithstanding the automatic stay.

(d) **Other Provisions of the Plan Not Elsewhere Described**:

Date  July 13, 2010              Signature  /s/ Barbara Ann Williams
　　　　　　　　　　　　　　　　　　　　　　　 Barbara Ann Williams
　　　　　　　　　　　　　　　　　　　　　　　 Debtor

Attorney  /s/ Darryl A. Parker
　　　　　　Darryl A. Parker PAR116

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037　　　　　Best Case Bankruptcy